IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 07-00028 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH I. FIRESTONE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT 2 AND
GRANTING DEFENDANT'S MOTION TO SEVER 18 U.S.C. § 228(b)

On July 26, 2007, the Court heard Defendant Kenneth I. Firestone's

Motion to Dismiss Count 2 ("Motion to Dismiss") and Motion to Sever § 228(b)

("Motion to Sever").  Leslie E. Osborne, Jr., Assistant U.S. Attorney, appeared at

the hearing on behalf of the Government; Matthew C. Winter, Esq., appeared at the

hearing on behalf of Defendant.  After reviewing the motions and the supporting

and opposing memoranda, the Court GRANTS Defendant's Motion to Dismiss and

GRANTS Defendant's Motion to Sever.

BACKGROUND

On January 10, 2007, Defendant was indicted on two counts for

willful failure to pay support obligations, namely, child support payments

concerning four children where the obligations remained unpaid for over two years

and exceeded $10,000.00, pursuant to 18 U.S.C. § 228(a)(3).  Specifically, Count 1

alleges a continuing crime from on or about February 1997 up to and including the

date of the Indictment for non-payment of child support for three children from a

marriage with D.F., who resided in another state.  Count 2 alleges continuing

violations from on or about October 1995 up to and including the date of the

Indictment for non-payment of child support for one child, R.W.F., who resided in

another state.  Count 2 is the only count at issue here.

In 1995, a California state court had ordered Defendant to make

monthly child support payments for R.W.F. as a result of Defendant's divorce from

R.W.F.'s mother.  On February 7, 1997, the Superior Court of California filed a

Stipulation and Order, ordering that Defendant pay $600.00 per month with a past

due amount of $17,146.64 as of January 23, 1997.  On October 22, 2001, counsel

for petitioners, State of Hawaii, Child Enforcement Agency and Leslie J. Wise,

filed a Registration of Foreign Support Order in the Family Court of the Fifth

Circuit, State of Hawaii ("Hawaii Family Court").  That same day, the Hawaii

Family Court sent notice to Defendant of the registration of the foreign order,

including the amount of arrearages owed ($39,708.48).  On December 31, 2005,

the Hawaii Family Court filed an Order Confirming Registration of Foreign

2

Support Order ("Hawaii Support Order"), confirming the registration and entering

judgment against Defendant in the amount of $39,708.48.

On May 25, 2007, Defendant filed the instant motions, which the

Government opposed on June 27, 2007.

STANDARD OF REVIEW

A. Motion to Dismiss

Pursuant to the Federal Rules of Criminal Procedure, a defendant may

"raise by pretrial motion any defense, objection, or request that the court can

determine without a trial of the general issue."  Fed. R. Crim. P. 12(b)(2).  All facts

in the indictment are taken as true and viewed in the light most favorable to the

government.  See United States v. Yashar, 166 F.3d 873, 880 (7th Cir. 1999).  The

Court "should not consider evidence not appearing on the face of the indictment."

United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).  The Court may decide

questions of law raised in a motion to dismiss, but must reject arguments that are

based upon factual disputes.  See United States v. Shriver, 989 F.2d 898, 906 (7th

Cir. 1992).

B. Motion to Sever

A court may sever a statute that contains unobjectionable provisions

from those that the court finds objectionable on constitutional grounds, if the

constitutional provisions are separate from and independent of the unconstitutional provisions.  See United States v. Buckland, 289 F.3d 558, 567 (9th Cir. 2002).  The invalid provisions may be severed if the statute is fully operative as law without the unconstitutional provisions.  See Alaska Airlines, Inc. v. Brock, 480 U.S. 678, 684 (1987).  In other words, the balance of the statute must be capable of functioning independently of the objectionable provisions.  See id.

## DISCUSSION

### A.  Motion to Dismiss

Defendant seeks to dismiss Count 2 of the Indictment on statute of limitations grounds, arguing that a five-year statute of limitations period applies from the date that the Hawaii Family Court filed the Hawaii Support Order.  The Hawaii Support Order was filed on December 31, 2001.  Assuming that Defendant is correct, the statute of limitations would have run on December 31, 2006, making the Indictment untimely, as it was filed on January 10, 2007.  The Government contends that the Indictment alleges a continuing crime, namely, the failure to make child support payments, with the relevant date(s) for statute of limitations purposes being the date(s) of nonpayment and/or the date(s) of satisfaction of the nonpayment.

4

Defendant is accused of violating 18 U.S.C. § 228(a)(3).  That section provides, "[a]ny person who . . . willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 2 years, or is greater than $10,000" shall be punished by a fine and/or imprisonment.  "Support obligation" is defined as "any amount determined under a court order or an order of an administrative process pursuant to the law of a State . . . to be due from a person for the support and maintenance of a child or of a child and the parent with whom the child is living." 18 U.S.C. § 228(f)(3).

Because 18 U.S.C. § 228(a)(3) does not contain a specific limitations period, Defendant argues that the five-year default limitations period under 18 U.S.C. § 3282(a) applies.  That section provides, "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."  Defendant predominantly relies on United States v. Monts, 311 F.3d 993, 999 (10th Cir. 2002), which is the only published decision concerning the statute of limitations for violations of 18 U.S.C. § 228.  In Monts, the Tenth Circuit concluded that 18 U.S.C. § 3282(a) provided the appropriate statute of limitations period for a violation of 18 U.S.C. § 228.  See id.  Ultimately, the Tenth Circuit

5

found that the charged offenses fell within the statute of limitations period because

they occurred within five years of the indictment.  See id.  In reaching that

decision, the Tenth Circuit did not conclusively determine that the statute of

limitations began to run from the date that the foreign support order became

enforceable in the state, but it used 1996 as the relevant year from which the statute

of limitations began to run.  See id. at 999.  That was the year that the

Commonwealth of Virginia enforced the New York support order from 1975.  Se

id. at 995.  Besides Monts, the Court is aware of one unpublished decision on this

matter.  See United States v. Edelkind, No. 05-60067, 2006 WL 1453035, at *1, 6

(W.D. La. 2006) (unpublished decision).[1]  In Edelkind, the district court followed

the Tenth Circuit's decision in Monts to find that the statute of limitations began to

run from the date on which a Louisiana court found a foreign child support order

from Georgia enforceable in Louisiana.

     Those cases aside, the Government claims that the statute of

limitations is not triggered until the last date of nonpayment or satisfaction of

---

[1]     The Court does not accept that case as precedent, recognizing that it is
an unpublished, out-of-district decision in which the district court affirmed the
magistrate judge's decision concerning the statute of limitations without opinion.
Still, the Court cites Edelkind to acknowledge another district court's decision on
this matter, which accepted the Tenth Circuit's position.

nonpayment, as a continuing scheme is alleged.  The Government relies on

criminal cases that stand for the general proposition that a statute of limitations

typically begins to run upon completion of a crime, Pendergast v. United States,

317 U.S. 412, 418 (1943), which may be the date after the last overt act in

furtherance of a conspiracy.  See United States v. Koonin, 361 F.3d 1250, 1252-55

(9th Cir. 2004), vacated and remanded on other grounds, Koonin v. United States,

544 U.S. 945 (2005).  Neither of those cases address the statute of limitations as it

applies to child support payments emanating from a discrete court order to pay.[2]

      Indeed, under Pendergast, a discrete order or act of or before the court

that places the government on notice of a defendant's potential criminal liability

seems to defeat the Government's continuing violation theory for the purpose of

statute of limitations.  In Pendergast, the Supreme Court determined that the crime

---

[2]    The only case that the Government  provides that relates to payment
of child support obligations under 18 U.S.C. § 228 does not involve a question
pertaining to statute of limitations.  See United States v. Stephens, 374 F.3d 867
(9th Cir. 2004).  Rather, in Stephens, the Ninth Circuit made legal rulings and
findings regarding the payment of interest on past-due child support payments,
restitution to the State of Georgia, and the proper order of payment of the child
support.  See id. at 868.  To be sure, the case was based on a charge of violations
ranging from 1998 to 2003, with the information filed in June 2002 and a
superseding information filed on January 23, 2003.  See id.  Nonetheless, the
appellant did not raise nor did the Ninth Circuit decide (or have to decide) the
controlling date for statute of limitations purposes.

of contempt was complete once the misbehavior occurred in the presence of the court, and that "the mere continuance of a fraudulent intent after an act of 'misbehavior' in the 'presence' of the court d[id] not make that 'misbehavior' a continuing offense" under the statute at issue.  317 U.S. at 419-21.  Although the present circumstances and the statute at issue are different than those in Pendergast, the idea that a discrete act by or before a court may not be transformed into a continuing violation merely because the behavior underlying that act continues is equally applicable here.  Once the Hawaii Support Order was in place from which criminal liability could attach, the mere continuance of the underlying behavior that led to that order did not transform Defendant's crime into a continuing violation for statute of limitations purposes, particularly when the Government was aware of the order.  Furthermore, unlike continuing offenses, such as those occurring in conspiracy cases like Koonin where the defendant's criminal liability is not necessarily clear at any given point, Defendant's potential criminal liability became clear when the Hawaii Family Court gave force to the foreign support order through the Hawaii Support Order.

Thus, in line with Monts, the Court agrees that the date on which the foreign support order became valid and enforceable in Hawaii constitutes the date from which the statute of limitations began to run.  See 311 F.3d at 999.  The

foreign order here, that is, the California state order, became enforceable in the State of Hawaii on the date of registration, that is, October 22, 2001, which also was the date that Defendant received notice of the enforcement.  At that point, Defendant had 20 days to request a hearing to contest the validity of the enforcement.  Because Defendant had not established any of the defenses provided by Hawaii Revised Statutes § 576B-607, the Hawaii Family Court issued the Hawaii Support Order, confirming the registration of the California support order and constituting the final judgment.  The Hawaii Support Order was filed on December 31, 2001.   As the Hawaii Support Order constituted the final judgment confirming the enforcement and the validity of the foreign order in Hawaii, the statute of limitations for the purpose of 18 U.S.C. § 228(a)(3) began to run on December 31, 2001.

The Government proposed an alternative argument that the statute of limitations period began to run 2 years after the date that the foreign order became enforceable in Hawaii, not 2 years after the first date of non-payment, occurring on or around October 1995, presumably in California.  According to 18 U.S.C. § 228(a)(3), one cannot enforce that provision "unless such obligation has remained unpaid for a period longer than 2 years, or is greater than $10,000."  If

the Court were to accept that alternative argument, the Government would not have

been able to bring an Indictment until December 31, 2003, making the statute of

limitations December 31, 2008.

   The plain language of the statute creates criminal liability for persons

who willfully fail to pay a support obligation, so long as that obligation has

remained unpaid for a period longer than 2 years (or is greater than $10,000.00),

without specifying in which State, if any, that obligation must have remained

unpaid.  <u>See</u> 18 U.S.C. § 228(a)(3) & 228 (f)(3).  That language indicates that one

could be criminally liable for non-payment of child support so long as the

obligation has remained unpaid for a period longer than 2 years in <u>any</u> State, not

just the State in which the statute is being enforced.  Accordingly, the Government

could have indicted Defendant under 18 U.S.C. § 228(a)(3) as early as December

31, 2001 based on Defendant's alleged willful failure to pay a support obligation

that had remained unpaid for a period of over two years (from on or about October

1995).

   As of December 31, 2001, when the Government became aware of

Defendant's alleged willful failure to pay, the Government then had five years,

according to 18 U.S.C. § 3282(a), to file an indictment against Defendant for

criminal liability under 18 U.S.C. § 228(a)(3), which made the statute of

limitations December 31, 2006.  Government filed the Indictment on January 10,

2007, ten days outside of that limitations period.  Thus, because the Government

failed to file Count 2 of the Indictment within the applicable statute of limitations,

the Court must dismiss Count 2 as untimely.

In reaching this decision, the Court acknowledges, as it did during the

hearing, that the Government's position is not wholly without merit.  The Court

finds, however, that Defendant's arguments, on balance, are more persuasive given

the special nature of the statute and the circumstances in this case.  Additionally,

the Court makes clear that this decision does not in any way preclude the named

victim from seeking civil relief for non-payment of the child support.

B.  <u>Motion to Sever</u>

Defendant argues that subsection (b) of 18 U.S.C. § 228 should be

severed from the statute for the purpose of this action because subsection (b) is

unconstitutional.  Specifically, Defendant asserts that 18 U.S.C. § 228(b) creates a

mandatory "rebuttable presumption that relieves the Government of its burden to

prove willfulness" under the statute.  18 U.S.C. § 228(b) provides that the

existence of a prior support obligation in effect for the period charged in the

11

indictment "creates a rebuttable presumption that the obligor has the ability to pay the support obligation for that time period."  As § 228(a) requires that a person must "willfully" fail to pay a support obligation to be criminally liable, courts have found the mandatory rebuttable presumption under § 228(b) unconstitutional because it relieves the Government of its burden of proving the element of willfulness beyond a reasonable doubt.  See United States v. Pillor, 387 F. Supp. 2d 1053, 1055-57 (N.D. Cal. 2005) (finding that the mandatory rebuttable presumption violated the Fifth Amendment's Due Process Clause, which requires proof beyond a reasonable doubt of every element of the crime, because it shifts the burden of persuasion to the defendant to disprove willfulness); United States v. Morrow, 368 F. Supp. 2d 863, 865-66 (C.D. Ill. 2005) (same); United States v. Grigsby, 85 F. Supp. 2d 100, 106-08 (D.R.I. 2000) (same).  Additionally, the Ninth Circuit has enforced the statutory requirement that the Government prove willfulness beyond a reasonable doubt.  See United States v. Ballek, 170 F.3d 871, 874 (9th Cir. 1999).

The Government does not contest the unconstitutionality of § 228(b). Rather, the Government contends that the Indictment does not allege a violation of subsection (b), only subsection (a).  Consequently, severance of (b) would not

12

affect the instant matter, requiring modification of the Indictment.  Nor would

severance "do[] violence to 228(a)."  <u>See</u> <u>Morrow</u>, 368 F. Supp. 2d at 866 (finding

that Congress did not intend for § 228(a) and § 228 (b) to work in tandem, and

"hold[ing] that § 228(a)(3) is valid even after § 228(b) is severed from the

statute").  Additionally, the Government argues that rejection of § 228(b) is a

matter to be addressed in jury instructions only.  <u>See</u> <u>United States v. Kukafka</u>, 478

F.3d 531, 539 (3d Cir. 2007) (handling the matter in a jury instruction, instructing

that the jury first must determine whether the defendant had the ability to pay,

which the defendant could rebut as a defense, before determining whether he acted

willfully).

       Because the Court finds § 228(b) unconstitutional for shifting the

burden of persuasion to Defendant, the Court severs that section from the statute to

permit the Government to proceed with the violations alleged in the Indictment

under § 228(a).  Based on the unconstitutionality of § 228(b), the jury shall not

receive instruction on any presumption concerning Defendant's ability to pay the

child support obligation.  Finally, the severance does not affect the substance of the

Indictment; thus, modification of the Indictment is not required.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss and GRANTS Defendant's Motion to Sever.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 26, 2007.



_____
David Alan Ezra
United States District Judge

<u>United States of America vs. Kenneth I. Firestone</u>, Cr. No. 07-00028 DAE;
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT 2 AND
GRANTING DEFENDANT'S MOTION TO SEVER 18 U.S.C. § 228(b)

14